Andrew P. Reitman (WSB # 7-5946)
Gina M. Rossi (PHV Pending)
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
reitmana@hallevans.com
rossig@hallevans.com
Telephone: 303-628-3300
Facsimile: 303-628-3368

Amanda G. Hunter (WSB #8-6772)
Hall & Evans, LLC
175 N. 27th St., Ste. 1101
Billings, MT 59101
huntera@hallevans.com
Telephone: 406-969-5227
Facsimile: 406-969-5233

**ATTORNEY FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ANDREW KIROL, | **DEFENDANT UNION PACIFIC RAILROAD COMPANY'S ANSWER, DEFENSES AND JURY DEMAND** |
| Plaintiff, | CIVIL ACTION NO. 2:24-cv-00081-KHR |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant | |

Defendant, Union Pacific Railroad Company ("Defendant" or "Union Pacific"), by and through its undersigned attorneys, hereby submits its Answer and Defenses to Plaintiff's First Amended Complaint and demands a jury trial, as follows:

## **GENERAL DENIAL**

Union Pacific denies all claims not specifically admitted herein. Union Pacific further states that it: (a) denies that it is liable or otherwise responsible to Plaintiff or any other party or nonparty under the allegations and causes of action in this lawsuit; (b) denies all allegations of liability under any theory of recovery; (c) denies that its conduct was negligent, that it violated any standard of care or violated any law, statute, rule, standard, or code; (d) denies all allegations

and causation of damages; (e) denies all allegations of extent or potential recovery of damages; and (f) denies that Plaintiff is entitled to any measure of damages under any theory of recovery against Union Pacific.

## ANSWER

1. Paragraph 1 of Plaintiff's First Amended Complaint contains no allegations and should not require a response by Defendant. To the extent a response is required, Defendant's denies the allegations contained in Paragraph 1 of the Amended Complaint.

### I. PARTIES

2. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint and therefore denies the same,

3. Defendant admits that it owns tracks, yards and property in the state of Wyoming. Union Pacific is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the First Amended Complaint and therefore denies the same.

4. Defendant admits that Plaintiff was employed by Union Pacific as an engineer on May 3, 2021. Union Pacific is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the First Amended Complaint and therefore denies the same.

### II. JURISDICTION

5. Defendant admits this Court's jurisdiction, if any, is based upon the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60. Defendant is without sufficient knowledge and

information to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the First Amended Complaint and therefore denies the same.

### III.   VENUE

6.   Defendant admits the allegations contained in Paragraph 6 of the First Amended Complaint for venue purposes only.

### IV.   FACTS UNDERLYING LIABILITY

7.   Defendant admits that it employed Plaintiff on May 3, 2021. Defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the First Amended Complaint and therefore denies the same.

8.   Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint and therefore denies the same.

9.   Defendant admits that the LEADER software is installed on some of its locomotives.  Defendant denies the remainder of the allegations contained in Paragraph 9 of the First Amended Complaint.

10.   Defendant denies the allegations contained in Paragraph 10 of the First Amended Complaint.

11.   Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint and therefore denies the same.

12.   Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 12 of the First Amended Complaint and therefore denies the same.

13. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint and therefore denies the same.

14. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint and therefore denies the same.

15. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint and therefore denies the same.

16. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint and therefore denies the same.

17. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint and therefore denies the same.

18. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint and therefore denies the same.

## V.   NEGLIGENCE

19. Defendant denies the allegations contained in Paragraph 19 of the First Amended Complaint, including subparts a) through i).

## VI.     LOCOMOTIVE INSPECTION ACT (LIA) – Negligence *Per Se*

20.     Defendant reaffirms its responses to Paragraphs 1-19 of the First Amended Complaint as though fully set forth herein.

21.     Paragraph 21 of the First Amended Complaint contains a legal conclusion to which no response should be required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 21 of the First Amended Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24.     Paragraph 24 of the First Amended Complaint contains a legal conclusion to which no response should be required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25.     Paragraph 25 of the First Amended Complaint contains a legal conclusion to which no response should be required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26.     Paragraph 26 of the First Amended Complaint contains a legal conclusion to which no response should be required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27.     Paragraph 27 of the First Amended Complaint contains a legal conclusion to which no response should be required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 27 of the First Amended Complaint.

## VII. CAUSATION

28. Defendant denies the allegations contained in Paragraph 28 of the First Amended Complaint.

## VIII. DAMAGES

29. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Complaint and therefore denies the same.

30. Defendant denies the allegations contained in Paragraph 30 of the First Amended Complaint, including subparts a) through m).

The remainder of Plaintiff's First Amended Complaint constitutes his Prayer for Relief, to which no response is required. To the extent that a response is required, Union Pacific denies any and all allegations contained therein. Union Pacific denies that it was negligent, violated any state or federal statute, or was otherwise at fault in any way. Union Pacific denies that Plaintiff is entitled to recover damages in this action.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's First Complaint fails to state a claim or cause of action against Union Pacific on which relief can be granted.

2. Plaintiff's alleged damages were not caused by an alleged act or omission of Union Pacific, its agents, or its employees.

3. Plaintiff's alleged damages may have been caused, in whole or in part, by others over whom Union Pacific had no control or responsibility.

4. The injuries and damages allegedly sustained by Plaintiff may have been caused by the Plaintiff's sole or contributory negligence, and Plaintiff's alleged damages, if any, are barred or subject to reduction as provided by 45 U.S.C. § 53.

5. Union Pacific denies the nature and extent of Plaintiff's alleged injury and damages.

6. Plaintiff may have failed to mitigate his damages if any, as required by law, thereby reducing or eliminating any recovery to which he may be entitled.

7. Plaintiff's medical treatment and expenses may not have been reasonable, necessary, or incurred as a result of conditions caused by the incident complained of in this suit.

8. Some or all of Plaintiff's injuries or conditions, if any, may have been caused, in whole or in part, by preexisting or subsequently occurring conditions, ordinary diseases of life, or other causal factors not caused by Union Pacific, requiring apportionment.

9. Plaintiff's alleged injuries and damages, if any, may not have occurred in the course and scope of his employment with Union Pacific.

10. Plaintiff's damages were the result of unforeseeable circumstances that could not have been reasonably anticipated by Union Pacific, and Union Pacific is not legally responsible for Plaintiff's damages.

11. Union Pacific, pursuant to 45 U.S.C. §51 et seq. and as otherwise permitted by law, is entitled to offset or to deduct any amounts paid or amounts that will be paid to Plaintiff, either through Railroad Retirement Board payments, advances, or supplemental sickness benefits that Plaintiff claims relevant to this litigation.

12. Union Pacific also asserts the right and obligation to withhold and pay directly to the Railroad Retirement Board from any judgment herein the amount, if any, of Railroad

Retirement Taxes and Medicare Taxes required to be withheld by Union Pacific, as well as any other liens or paybacks that Union Pacific may be required to withhold and pay from any judgment herein.

13. Plaintiff's claims may be barred due to Plaintiff's violation of the primary duties of his job, assignments, and expectations.

14. Plaintiff's claims may be precluded or preempted, in whole or in part, by local, state, or federal law.

15. Plaintiff's claims may be barred by the applicable statute of limitations.

16. Plaintiff's claims may be limited or barred by the provisions of state or federal law including the Locomotive Inspection Act, Safety Appliance Act, and Federal Rail Safety Act.

17. At all times relevant, Union Pacific provided Plaintiff with reasonably safe working conditions, reasonably safe tools and equipment, and reasonably safe training, supervision, and work procedures and practices.

18. Plaintiff's claims may be precluded by the defenses of accord and satisfaction, waiver, release, and estoppel.

19. At all relevant times, Union Pacific complied with all applicable statutes, government regulations, and industry standards concerning conduct alleged in Plaintiff's First Amended Complaint, and such conduct comported with the appropriate standard of care.

20. Union Pacific may be entitled to recover its costs spent in defending all claims that are dismissed or that it prevails upon.

21. Union Pacific reserves the right to modify, add, subtract, or supplement affirmative defenses as further information becomes known through investigation and discovery.

## DEMAND FOR JURY TRIAL

Defendant respectfully demands a trial by jury on all issues so triable.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint to the extent possible, Union Pacific prays that Plaintiff's First Amended Complaint be dismissed with prejudice, and it be awarded its costs of litigation and further relief as this Court may deem just and proper.

Dated this 6th day of June 2024

        HALL & EVANS, LLC

        *s/ Andrew P. Reitman*

        Andrew P. Reitman (WSB # 7-5946)
        Gina M. Rossi, (PHV pending)
        1001 Seventeenth Street, Suite 300
        Denver, CO 80202
        Phone: 303-628-3300
        reitmana@hallevans.com
        rossig@hallevans.com

        Amanda G. Hunter, (WSB #8-6772)
        175 N. 27th Street, Suite 1101
        Billings, MT 59101
        Phone: 406-969-5227
        hunterg@hallevans.com

        **ATTORNEYS FOR DEFENDANT**
        **UNION PACIFIC RAILROAD COMPANY**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of June 2024, I electronically filed the foregoing **DEFENDANT UNION PACIFIC RAILROAD COMPANY'S ANSWER, DEFENSES AND JURY DEMAND** with the Clerk of Court using the NextGen CM/ECF system which will send notification of such filing to the following e-mail addresses:

Donald J. Sullivan
Sullivan Law Offices, PC
2103 Evans Ave.
Cheyenne, WY 82001
(307) 634-0112
**ATTORNEY FOR PLAINTIFF**

*s/ Cristina Ramirez*
Cristina Ramirez, Legal Assistant